IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO M. OBLIGACION,  )<br>   )<br>      Petitioner,  )<br>   )<br>vs.  )<br>   )<br>MIKE McDONALD, Warden,  )<br>   )<br>      Respondent.  )<br>_____ ) | No. C 09-6003 CRB (PR)<br><br>ORDER TO SHOW CAUSE<br><br>(Docket # 2 & 4) |

Petitioner, a state prisoner incarcerated at High Desert State Prison in Susanville, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**BACKGROUND**

On March 5, 2008, petitioner was convicted by a jury in Alameda County Superior Court of deliberately evading an officer in violation of section 2800.2(a) of the California Vehicle Code (count two). Although unclear, it appears that the jury also convicted him of assault on a peace officer in violation of section 245(c) of the California Penal Code (count one). The April 2, 2008 sentencing order indicates that petitioner received the upper term of six years for count one, but

the July 8, 2008 amended abstract of judgment indicates that the upper term of six years was for count two.  In addition to the upper term of six years for counts one and/or two, petitioner received a one-year enhancement for a prior conviction for a total term of seven years in state prison.

Petitioner did not appeal, but later began seeking collateral relief until the Supreme Court of California denied his final state habeas petition on November 19, 2009.

## DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  <u>Id.</u> § 2243.

B. <u>Claims</u>

Petitioner seeks federal habeas corpus relief on the ground that the imposition of the upper term of six years, without his admission of any aggravating facts or waiver of jury trial rights, violated his Sixth and Fourteenth Amendment rights under <u>Cunningham v. California</u>, 549 U.S. 270 (2007).  He also claims ineffective assistance of counsel based on counsel's failure to file a notice of appeal.   Liberally construed, petitioner's claims appear cognizable under § 2254 and merit an answer from respondent.  <u>See</u> <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.  Petitioner's request to proceed in forma pauperis (docket # 2 & 4) is GRANTED.

2.  The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3.  Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

/

1    5.    Petitioner is reminded that all communications with the court must
2 be served on respondent by mailing a true copy of the document to respondent's
3 counsel. Petitioner must also keep the court and all parties informed of any
4 change of address.
5 SO ORDERED.
6 DATED:   April 16, 2010
                                    _____
7                                    CHARLES R. BREYER
                                     United States District Judge

G:\PRO-SE\CRB\HC.09\Obligacion, O1.osc.wpd                    4