IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ORLANDO M. OBLIGACION, | ) | No. C 09-6003 CRB (PR) |
| Petitioner, | ) ) | ORDER DENYING PETITION FOR A WRIT OF HABEAS |
| vs. | ) ) | CORPUS AND DENYING CERTIFICATE OF |
| MIKE McDONALD, Warden, | ) ) | APPEALABILITY |
| Respondent. | ) ) | |

Petitioner, a California prisoner currently incarcerated at Folsom State Prison, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent filed an answer and a supporting memorandum of points and authorities addressing the merits of the petition. Petitioner filed a traverse. Having reviewed the papers and the underlying record, the court concludes that petitioner is not entitled to habeas corpus relief and will DENY the petition.

**BACKGROUND**

On March 5, 2008, petitioner was convicted by a jury in Alameda County Superior Court of deliberately evading an officer in violation of section 2800.2(a) of the California Vehicle Code. On April 2, 2008 the trial court sentenced petitioner to the upper term of three years and ordered the term doubled to six

years based on a prior strike, pursuant to sections 1170.12(c)(1) and 667(e)(1) of the California Penal Code. Finally, the court added one year for a prior separate prison term under section 667.5(b), to be served consecutively, for a total term of seven years in state prison.

Petitioner did not appeal, but he later began seeking collateral relief. Petitioner first sought habeas corpus relief from Alameda County Superior Court, which denied the challenge in a reasoned decision on May 5, 2009. Docket #1, Ex. C. Thereafter, the California Court of Appeal and the California Supreme Court summarily denied relief. Docket #1, Exs. D-E. Petitioner then filed the instant federal action on December 22, 2009.

## DISCUSSION

### A.     Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme]

2

Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409.

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts, and only those holdings need be "reasonably" applied. Id.

In deciding whether the state court's decision is contrary to, or an unreasonable application of clearly established federal law, a federal court looks to the decision of the highest state court to address the merits of the petitioner's claim in a reasoned decision. LaJoie v. Thompson, 217 F.3d 663, 669 n.7 (9th Cir. 2000).

**B.     Claims**

Petitioner raises two cognizable claims for relief under § 2254.  First, petitioner asserts that the imposition of the upper term of six years, without his admission of any aggravating facts or waiver of jury trial rights, violated his Sixth Amendment rights.  Second, petitioner claims ineffective assistance of counsel based on trial counsel's failure to file a notice of appeal.

**1.     Upper Term Sentencing Error Claim**

Petitioner claims the trial court violated his Sixth Amendment right to a jury trial by sentencing him to the upper term based on the court's finding that: (1) petitioner had no remorse; (2) the crime involved "potential great violence for bodily harm to members of the public and the threat of violence or great bodily harm"; (3) petitioner's performance on probation was unsatisfactory; and (4) petitioner was on court probation when he committed the offense. Docket #1 at 6(c).  Specifically, petitioner argues that his sentence was increased on the basis of facts found by a judge and not a jury, thereby violating his right to jury trial under Cunningham v. California, 549 U.S. 270 (2007), Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000).  The court disagrees.

The Sixth Amendment guarantees a criminal defendant the right to a trial by jury.  U.S. Const. amend. VI.  The Supreme Court's Sixth Amendment jurisprudence was significantly expanded by Apprendi and its progeny, which extended a defendant's right to trial by jury to the fact finding used to make enhanced sentencing determinations in addition to the fact finding on the actual elements of the crime.  "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi, 530

U.S. at 490.  In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court held "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*."  Id. at 303 (emphasis in original).  In Cunningham v. California, 549 U.S. 270 (2007), the Court held that California's determinate sentencing law ("DSL") violated the Sixth Amendment because it allowed the sentencing judge to impose an elevated sentence based on aggravating facts that he or she found to exist by a preponderance of the evidence.  Id. at 292-93.

At the time Cunningham was decided, the California DSL, pursuant to former California Penal Code section 1170, provided a determinate sentencing scheme comprised of a lower, middle and upper term, with a required imposition of the middle term unless the court found aggravating or mitigating factors. Cunningham deemed the middle term the "statutory maximum" term, and it proscribed a sentencing scheme permitting a court to impose a higher sentence based upon a fact, other than a prior conviction, not admitted by the defendant nor found true by the jury.  Cunningham, 549 U.S. at 288.  Cunningham essentially applied Blakely to strike down California's DSL.

On March 30, 2007, in response to the Supreme Court's suggestion in Cunningham that California could cure any constitutional defect in section 1170(b) by leaving the selection of an appropriate sentence to the judge's discretion, Cunningham, 549 U.S. at 293-94, the California Legislature enacted Senate Bill 40, which amended section 1170(b).  See Cal. Stats. 2007, ch. 3 (S.B. 40), § 3, eff. Mar. 30, 2007;  Butler v. Curry, 528 F.3d 624, 630 n.5 (9th Cir. 2008) (acknowledging section 1170(b)'s amendment).  Under amended section 1170(b), a trial court still exercises its discretion in selecting among the upper, middle or lower terms, but no additional fact finding is required to impose an

upper or lower term.  See Butler v. Curry, 528 F.3d 624, 652 n.20 (9th Cir. 2008) ("imposition of the lower, middle, or upper term is now discretionary and does not depend on the finding of any aggravating factors"); accord People v. Sandoval, 41 Cal. 4th 825, 843-45 (2007).

Here, the trial court sentenced petitioner on April 2, 2008, over a year after the effective date of the amendment to section 1170(b).  The applicable law at sentencing was California's amended sentencing scheme.  While the Ninth Circuit has not yet determined whether California's new DSL complies with Cunningham, this court finds that it does as applied to petitioner.  Specifically, under the new section 1170(b), the trial court was not required to find an additional fact in order to impose the upper term sentence.  In fact, because the upper term at the time of petitioner's sentencing was the "statutory maximum" within the meaning of Cunningham, the trial court was permitted to rely on facts in addition to those found by the jury in the exercise of its discretion.   See United States v. Booker, 543 U.S. 220, 233 (2005) ("[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant."); accord Sandoval, 41 Cal. 4th at 848.

In Cunningham, the Supreme Court acknowledged that several states had modified their sentencing schemes in the wake of Apprendi and Blakely to permit judges broad discretion within a statutory range, "which 'everyone agrees' encounters no Sixth Amendment shoal."  Cunningham, 549 U.S. at 294 (quoting Booker, 543 U.S. at 233).  Cunningham left "the ball . . . in California's court" to revise its system accordingly. Id. at 293-94.  The California Legislature did exactly that.

//

6

On state habeas corpus review, the Alameda County Superior Court determined in a reasoned opinion that petitioner's habeas claim lacked merit because he was sentenced under California's amended DSL. The court cited People v. Sandoval, 41 Cal. 4th 825 (2007), in which the California Supreme Court implicitly found constitutional section 1170, as amended. This court concludes that the state court's decision was not contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1).

Alternatively, petitioner argues that application of California's revised sentencing scheme to his case is an ex post facto violation insofar as he committed his crime prior to the effective date of the new DSL. Docket #1 at 6(a)(1)-6(f)6). This is incorrect. The United States Constitution prohibits the federal government and the states from passing any "ex post facto Law." U.S. Const., Art. I, § 9, cl. 3 (federal government); Art. I, § 10, cl. 1 (states). These clauses prohibit the government and the states from inflicting a greater punishment for a crime than the punishment authorized by law when the crime was committed. See Stogner v. California, 539 U.S. 607, 611-12 (2003) (citing Calder v. Bull, 3 Dall. 386 (1798)). The focus is not whether a legislative change produces "some ambiguous sort of 'disadvantage,' " but rather "whether any such change increases the penalty by which a crime is punishable." Garner v. Jones, 529 U.S. 244, 255 (2000) (quoting California Dep't of Corrections v. Morales, 514 U.S. 499, 506-07 n.3 (1995)). There is no ex post facto violation where the new law "creates only the most speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment for covered crimes." Morales, 514 U.S. at 509 (1995).

In People v. Sandoval, 41 Cal. 4th 825 (2007), the California Supreme Court expressly permitted application of the revised sentencing process to

7

defendants who, as in petitioner's case, committed their crimes prior to the effective date of the new DSL. Id. at 857. The Ninth Circuit has essentially agreed and rejected claims that the California Supreme Court's judicial reformation in Sandoval violates ex post facto principles. See Butler, 528 F.3d at 652 n.20; see also Chioino v. Kernan, 581 F.3d 1182, 1185 (9th Cir. 2009) ("[N]o ex post facto concerns are generated by remanding for resentencing for a Cunningham violation if the sentencing court follows the California Supreme Court's instructions in Sandoval." ). Petitioner's ex post facto claim accordingly fails.

### 2. Ineffective Assistance of Counsel Claim

Petitioner claims that he received constitutionally ineffective representation on the grounds that his defense attorney failed to file a notice of appeal. Docket #1 at Ground 2 (no page number indicated). The claim is without merit.

Counsel has a constitutionally-imposed duty to consult with a criminal defendant client about an appeal when there is reason to think that a rational defendant would want to appeal or that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). A petitioner must show prejudice to be entitled to habeas relief in a failure-to-appeal case. Id. at 476-77. To show prejudice, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed. Id. at 484. Evidence that there were nonfrivolous grounds for appeal or that the defendant promptly expressed a desire to appeal often will be highly relevant in determining whether the petitioner has shown prejudice. Id. at 485.

8

Here, there is no evidence of nonfrivolous grounds for appealing the sentence. The only issue petitioner claims should have been addressed on direct appeal is identical to the one raised in this habeas action, namely, counsel's failure to challenge the trial court's sentencing on Sixth Amendment grounds. See Docket #1 at 6(b). As discussed above, petitioner's Sixth Amendment claim is without merit, and the state court's denial of the claim was reasonable. Petitioner has not established any other, nonfrivolous issues that appellate counsel should have raised. See Jones v. Barnes, 463 U.S. 745, 751-54 (1983).

There is no evidence that petitioner promptly expressed a desire to appeal either. At petitioner's sentencing hearing, the following colloquy took place:

> THE COURT: Mr. Obligacion, when you complete your sentence you're going to be on parole for a period of three years, Sir. Also, you do have appeal rights. You must file written notice with this court within 60 days of today's date. If you're unable to hire a lawyer, the appellate court will appoint a lawyer at no expense to you. You're entitled to a free transcript of all proceedings.
>
> Do you understand your appeal rights, Mr. Obligacion?
>
> [DEFENSE COUNSEL]: He understands his right to appeal, Your Honor. He would like to request through me a transcript of the trial. He understands he's got 60 days to make a decision on whether or not he's going to appear. (Resp. Lodged Ex. B at 6:2-13).

There is no evidence that petitioner thereafter, or at any time, expressed to counsel a desire to appeal his sentence, let alone that he did so in a timely fashion. The first indication that petitioner desired to challenge his sentence came over ten months after his conviction, when he filed his first state habeas petition, long after the 60-day deadline for filing an appeal. See Cal. Rule of Court 8.308(a).

Petitioner is not entitled to federal habeas relief on his ineffective assistance of counsel claim. It simply cannot be said that there is a reasonable

//

9

probability that, but for counsel's failure to consult with petitioner about appeal, counsel would have timely appealed.  See Flores-Ortega, 528 U.S. at 484.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The clerk shall enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED:   Nov. 29, 2010

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.09\Obligacion, O1.denhc.wpd

10